# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

LYNN LEE,                                    )     Case No. SACV 11-1521-JEM
                                             )
                     Plaintiff,              )
                                             )     MEMORANDUM OPINION AND ORDER
          v.                                 )     REVERSING DECISION OF THE
                                             )     COMMISSIONER OF SOCIAL SECURITY
MICHAEL J. ASTRUE,                           )     AND REMANDING FOR FURTHER
Commissioner of Social Security,             )     PROCEEDINGS
                                             )
                     Defendant.              )
_____ )

## PROCEEDINGS

On October 13, 2011, Lynn Lee ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits.  The Commissioner filed an Answer on January 18, 2012.  On March 27, 2012, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

**BACKGROUND**

1

2          Plaintiff is a 43 year old female who applied for Social Security Disability Insurance

3   benefits on June 19, 2007, alleging disability beginning August 9, 2000, with a date last insured

4   of December 31, 2005.  (AR 12, 14.)  Plaintiff did not engage in substantial gainful activity from

5   her alleged onset date through her date last insured.  (AR 14.)

6          Plaintiff's claim was denied initially on August 31, 2008, and on reconsideration on

7   October 4, 2008.  (AR 12.)  Plaintiff filed a timely request for hearing, which was held before

8   Administrative Law Judge ("ALJ") Kevin M. McCormick on January 25, 2010, in Orange,

9   California.  (AR 12.)  Claimant appeared and testified at the hearing, and was represented by

10  counsel.  (AR 12.)  Medical expert Alanson A. Mason, M.D., and Vocational expert ("VE")

11  Susan L. Allison also appeared and testified at the hearing.  (AR 12.)

12         The ALJ issued an unfavorable decision on May 28, 2010.  (AR 12-26.)  The Appeals

13  Council denied review on September 8, 2011.  (AR 4-7.)

**DISPUTED ISSUES**

14

15         As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as

16  grounds for reversal and remand:

17         1.      Whether the ALJ failed to consider properly the report of Dr. Joel Frank.

18         2.      Whether the ALJ failed to consider properly the report of Dr. R. Wayne Brown.

19         3.      Whether the ALJ improperly rejected the opinion of Dr. Richard Paicius.

20         4.      Whether the reliable vocational evidence supports disability.

21                                    **STANDARD OF REVIEW**

22         Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether

23  the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v.

24  Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846

25  (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and

26  based on the proper legal standards).

27         Substantial evidence means "'more than a mere scintilla,' but less than a

28  preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.

Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

### THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantial gainful activity, disability benefits will be denied.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at 746.  An impairment is not severe if it does not significantly limit the claimant's ability to work.  Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996).  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen v. Yuckert, 482 U.S. at 141.  Fourth, the ALJ must determine

1  whether the impairment prevents the claimant from doing past relevant work.  Pinto v.

2  Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

3       Before making the step four determination, the ALJ first must determine the claimant's

4  residual functional capacity ("RFC").[1]  20 C.F.R. § 416.920(e).  The RFC must consider all of

5  the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e),

6  416.945(a)(2); Social Security Ruling ("SSR") 96-8p.  If the claimant cannot perform his or her

7  past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must

8  determine whether the impairment prevents the claimant from performing any other substantial

9  gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

10       The claimant bears the burden of proving steps one through four, consistent with the

11  general rule that at all times the burden is on the claimant to establish his or her entitlement to

12  benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the

13  burden shifts to the Commissioner to show that the claimant may perform other gainful activity.

14  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a

15  claimant is not disabled at step five, the Commissioner must provide evidence demonstrating

16  that other work exists in significant numbers in the national economy that the claimant can do,

17  given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the

18  Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.

19  Id.

20  **THE ALJ DECISION**

21       In this case, the ALJ determined at step one of the sequential process that Plaintiff has

22  not engaged in substantial gainful activity during the period from her alleged onset date of

23  August 9, 2000 through her date last insured of December 31, 2005.  (AR 14.)

24       At step two, the ALJ determined that Plaintiff has the following combination of medically

25  determinable severe impairments: disorder of the back-osteoarthritis, low back pain, mild

26  _____

27      [1]  Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations"
and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1),

28  416.945(a)(1).

4

lumbar spondylosis, history of bronchial asthma, history of pneumonia, hypercholesterolemia, and obesity (morbid obesity through 2004).  (AR 14. )

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments.  (AR 15.)

The ALJ then found that the Plaintiff had the RFC to perform less than the full range of light work:

> Specifically, the claimant is limited to lifting and/or carrying 20 pounds
> occasionally, 10 pounds frequently; can stand and/or walk for at least 2
> hours, sit for 6 hours of an 8 hour day; pushing and pulling is unlimited
> except for exertional limits of 20 pounds occasionally, 10 pounds frequently;
> frequent climbing of ramps and stairs; never climb ladders, ropes or
> scaffolds; limited to occasional balancing, kneeling, stooping and crouching;
> never crawl; have the option to sit or stand one or two times for a few
> minutes beyond the normal breaks; and the individual would be subject to
> missing up to two days a month due to symptoms.

(AR 16.)  In determining this RFC, the ALJ also made an adverse credibility determination, which Plaintiff does not challenge.  (AR 17.)

At step four, the ALJ found that, through the date last insured, Plaintiff was capable of performing past relevant work as a receptionist as this work is generally performed in the national economy.  (AR 24.)  This work does not require the performance of work-related activities precluded by Claimant's RFC.  (AR 24.)  As a precaution, the ALJ also determined at step five that there were other jobs in the national economy that Plaintiff could perform, including order clerk, final assembler for optic wear, and cashier.  (AR 25.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act.  (AR 26.)

**DISCUSSION**

The ALJ decision must be reversed.  The ALJ failed to consider the opinions of Dr. Frank and Dr. Brown regarding Plaintiff's depression.  Consequently, the ALJ's finding that Plaintiff's medically determinable mental impairment is not severe is unsupported by substantial evidence.  The ALJ, however, properly discounted the opinion of Dr. Paicius, Plaintiff's treating physician, and properly considered the vocational evidence.

The ALJ's RFC is not supported by substantial evidence in regard to Plaintiff's mental impairment.  Thus, the ALJ's non-disability determination is not supported by substantial evidence nor free of legal error.

**I.    THE ALJ IMPROPERLY FAILED TO CONSIDER CERTAIN MEDICAL OPINIONS BUT PROPERLY REJECTED THE OPINION OF DR. PAICIUS.**

**A.    Relevant Federal Law**

Plaintiff's primary challenge to the ALJ's RFC concerns the ALJ's treatment of the medical evidence.  In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician,

6

the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other evidence of record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.    The ALJ Improperly Failed To Consider The Medical Opinions Of Dr. Frank And Dr. Brown**

The ALJ determined at step two that Claimant had the medically determinable impairment of depression, but it did not cause more than minimal mental limitations and thus was not severe.  (AR 14.)  The ALJ's finding was based on the July 19, 2006, opinion of State agency mental consultant Dr. H. Amado.  (AR 15, 1213-23.)

The ALJ, however, never mentions the opinions of Agreed Medical Examiner Dr. Joel Frank and Qualified Medical Examiner Dr. R. Wayne Brown.  (AR 1079-1106; 1066-75.)  Both of these physicians were examining physicians in Claimant's workers' compensation case.  In a report dated November 2, 2006, Dr. Frank stated that Claimant had a permanent psychiatric disability.  (AR 1094.)  He found a mental impairment of somatoform disorder, specifically chronic pain disorder associated with psychological factors, and associated symptoms of depression (AR 1094), and slight impairment in six areas of work functioning.  (AR 1091-93.)

7

1  Slight was defined as a noticeable impairment (AR 1091), which may not have the same

2  meaning in workers' compensation terminology that it does in Social Security cases.

3  Dr. Frank concluded that Plaintiff was "temporarily totally psychiatrically disabled from January

4  15, 2004 until July 8, 2004." (AR 1096.)  Dr. Brown in an August 8, 2006, report diagnosed

5  Plaintiff with major depressive disorder and anxiety disorder.  (AR 1073.)

6      An ALJ may not ignore physician medical opinions from a workers' compensation case.

7  Booth v. Barnhart, 181 F. Supp. 2d 1099, 1105 (C.D. Cal. 2002).  The ALJ must "translate"

8  terms of art contained in workers' compensation medical reports and opinions into

9  corresponding Social Security terminology in order to assess that evidence for Social Security

10  disability determinations.  Id. at 1106.  Here, the ALJ did not discuss the opinions of Dr. Frank

11  and Dr. Brown or translate workers' compensation terms to correspond to Social Security

12  terminology.  This was error.

13      The Commissioner states that the ALJ "did not discuss any of the post-date last insured

14  evidence." (JS 5.)  Both Dr. Frank's opinion and Dr. Brown's opinion were issued after the

15  December 31, 2005, date last insured.  The ALJ, however, gave no reason for disregarding the

16  opinions of Dr. Frank and Dr. Brown.  Essentially, the Commissioner is asserting that the ALJ's

17  failure to address their opinions is harmless error because the ALJ was not required to discuss

18  evidence subsequent to the date last insured.  Stout v. Comm'r Soc. Sec. Admin, 454 F.3d

19  1050, 1055-56 (9th Cir. 2006) (harmless error is one inconsequential to the non-disability

20  determination).

21      The Commissioner's argument is plainly in error.  The Ninth Circuit has made clear that

22  "[m]edical evaluations made after the expiration of a claimant's insured status are relevant to an

23  evaluation of the pre-expiration condition."  Smith v. Bowen, 849 F.2d 1222, 1225 (9th Cir.

24  1988), reaffirmed in Lester, 81 F.3d at 832.  This is especially the case here where Dr. Frank's

25  report made specific findings about the time period before the date last insured.

26      The Commissioner's argument also is plagued by a stunning inconsistency.  The opinion

27  of State agency reviewer Dr. Amado also was issued after the date last insured, on July 19,

28  2006.  The Commissioner does not explain why the ALJ can consider Dr. Amado's opinion and

1   not the opinions of Dr. Frank and Dr. Brown.  The Commissioner cannot have it both ways.  The

2   ALJ was duty bound to consider any opinions that arguably bear on Plaintiff's mental

3   impairment prior to the date last insured.

4          The ALJ's reliance on Dr. Amado is further undermined by the fact that Dr. Amado never

5   reviewed the opinions of Dr. Frank and Dr. Brown, which were issued subsequent to

6   Dr. Amado's opinion.  Additionally, Dr. Frank and Dr. Brown were examining physicians who

7   based their opinions on a battery of tests.  Their opinions plainly carry more weight than the

8   opinion of an agency reviewer who never examined the claimant and who did not review the

9   opinions of physicians who did or their clinical findings.  Lester, 81 F.3d at 830.  At the very

10  least, the ALJ must consider both supporting and detracting evidence, and cannot reach a

11  conclusion first and justify it by ignoring competent evidence to the contrary.  Gallant v. Heckler,

12  753 F.2d 1450, 1455-56 (9th Cir. 1984).

13         Nor can the Commissioner's argument of harmless error be credited, based on

14  interpretations of the opinions of Dr. Frank and Dr. Brown to the effect that Plaintiff's mental

15  impairment was insignificant.  This Court may not consider arguments and evidence not

16  articulated by the ALJ.  Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).  ("We are

17  constrained to review the reasons the ALJ asserts.") Additionally, until the ALJ properly

18  translates the workers' compensation opinions of Dr. Frank and Dr. Brown, we cannot know

19  whether Plaintiff's mental impairment is severe or not, particularly in view of the definition of

20  "slight" as a "noticeable impairment" used by Dr. Frank (AR 1091) and Dr. Brown's diagnosis,

21  both of which may establish a severe impairment.

22         The ALJ erred in failing to consider the opinions of Dr. Frank and Dr. Brown.  The ALJ's

23  step two finding that Claimant's medically determinable mental impairment is not severe is

24  unsupported by substantial evidence.

25         **C.      The ALJ Properly Discounted The Opinion Of Dr. Paicius**

26         Plaintiff's next argument is that the ALJ improperly rejected the opinion of Dr. Richard

27  Paicius, Plaintiff's treating physician.  The Court disagrees.

28

9

1    Plaintiff's primary allegation is that she has been unable to work because of back pain

2    since the alleged onset date in 2000.  (AR 15, 17.)  Dr. Paicius, a pain management specialist,

3    first examined Plaintiff in 2003.  (AR 465-72.)  Despite Plaintiff's complaints of pain, her straight

4    leg raising was negative and she had normal motor strength.  (AR 469.)  Dr. Paicius started

5    Plaintiff on medication.  (AR 469.)

6    Plaintiff's clinical findings did not change much over time.  Dr. Paicius' records

7    documented that Plaintiff had a normal gait, negative straight leg raising, no acute distress, and

8    normal sensory and motor exams.  (AR 23, 469, 559-60, 740, 1311-12.)

9    At odds with his own clinical findings, Dr. Paicius in a January 5, 2010, letter, stated that

10   Claimant has been completely disabled since 2003 due to the pain from her lumbar spine

11   disease, an opinion based on MRI, CAT scan, and discography.  (AR 23, 1641.)  The ALJ

12   properly rejected Dr. Paicius' opinion because it was "inconsistent with and unsupported by the

13   objective evidence as discussed above (which includes Dr. Paicius' findings as well)."  (AR 23.)

14   An ALJ may reject a treating physician's opinion when it is not supported by or contradicted by

15   his own notes and clinical findings.  Batson v. Comm'r, 359 F.3d 1190, 1195 n.3 (9th Cir. 2004)

16   (treating physician notes did not provide objective medical evidence of alleged limitations);

17   Thomas, 278 F.3d at 957 (ALJ need not accept treating physician's opinion if inadequately

18   supported by clinical findings); Matney v. Sullivan, 981 F.2d 1016, 1020 (9th Cir. 1992)

19   (treatment records inconsistent with treating physician's opinion).

20   As noted, the ALJ also made clear that Dr. Paicius' opinion was not in accord with other

21   medical opinions and with the overall medical evidence.  (AR 23.)  The ALJ opinion provides a

22   comprehensive review of all of the medical evidence of record, supporting his view that

23   Claimant was not disabled.  (AR 17-24.)  Thomas, 278 F.3d at 956 (an ALJ may meet the

24   burden of providing specific, legitimate reasons for giving less weight to the controverted

25   medical reasons by setting out a detailed and thorough summary of the facts and conflicting

26   clinical evidence stating his interpretation and making findings.)

27   Additionally, the ALJ specifically found that Dr. Paicius' opinion was inconsistent with the

28   opinions of Dr. Kim and Dr. Katzman, both orthopedic surgeons who examined Plaintiff and did

not assess her with limitations inconsistent with the ALJ's RFC.  (AR 23.)  It is the ALJ's responsibility to resolve conflicts in the medical evidence, <u>Andrews v. Shalala</u>, 53 F.3d at 1039, and the ALJ's interpretation of the evidence should not be second-guessed if reasonable. <u>Rollins</u>, 261 F.3d at 857.  Here, the ALJ's assessment of the medical evidence was reasonable.

Plaintiff complains that the ALJ failed to discuss the basis given by Dr. Paicius for his opinion, primarily the discogram.  (AR 1640-41.)  This is not true.  The ALJ provides a thorough discussion of the testimony of medical expert Dr. Allison Mason, including her acknowledgment of the discogram.  (AR 18.)  She nonetheless assessed the limitations for work that the ALJ adopted in his RFC.  (AR 18–19.)  The ALJ fully discussed all of the conflicting evidence.  Nor is it true that Dr. Kim and Dr. Katzman relied on the same clinical findings as Dr. Paicius.  Dr. Kim and Dr. Katzman examined Plaintiff, and reached their own independent conclusions.  (AR 17-18, 21, 22-23.)

The ALJ rejected Dr. Paicius' opinion for specific, legitimate reasons supported by substantial evidence.  The ALJ's RFC is supported by substantial evidence and free of legal error, except in regard to Claimant's mental impairment.

**II.     THE ALJ PROPERLY CONSIDERED THE VOCATIONAL EVIDENCE**

The ALJ, based on the opinion of Dr. Mason (AR 18, 1675), assessed Claimant with an RFC that provides she "would be subject to missing up to two days a month due to symptoms." (AR 16.)  The VE, in response to a question from the ALJ, testified that being absent from work one to two times a month would not preclude work.  (AR 1684.)  The VE, in response to questioning by Plaintiff's counsel, testified that a person who missed two days a month consistently would not be capable of employment.  (AR 1687.)  On that basis, Plaintiff asserts that she should be found disabled based on the ALJ's own RFC.

Plaintiff mischaracterizes the record.  Dr. Mason did not say that Plaintiff would miss work twice a month, but only periodically.  The VE's testimony that Plaintiff would not be precluded from work was based on Dr. Mason's opinion that absenteeism would be periodic, not consistent.

1    Dr. Mason testified that Plaintiff has chronic low back pain caused by degenerative

2  changes at the lumbosacral disc (AR 1675), and she will experience "exacerbations and

3  remissions" and at times be unable to sit for 6 hours out of an eight hour day.  (AR 1675.)

4  Significantly, Dr. Mason stated:

5         . . . at a chronic pace, she's probably pretty stable.  Once or twice a

6         month, it could be, for a day or two she might [miss work]

7  (AR 1675.)  Dr. Mason then gave Claimant a limitation of six hours sitting.  (AR 1677-78.)

8  Dr. Mason later repeated her testimony that any absenteeism would be periodic:

9         . . . I think just a day or two at the maximum.  She may - - but she

10        may periodically - I mean, it may not - - not be every month.  It might be

11        every - - once in six months.

12  (AR 1680.)

13    The VE then testified that, if Claimant's absenteeism were consistently twice a month for

14  24 days a year, she would not be able to sustain competitive employment.  (AR 1687.)

15  Returning to Dr. Mason, this colloquy ensued with Plaintiff's counsel:

16        Q.  Alright, quick clarification, Dr. Mason.  The calculation is twenty-

17        four days; is that what you anticipated?

18        A.  Well, I said it's episodic or periodic.  It's not on a set schedule, so

19        she may go several months without having to lose any time.  So - -

20        Q.  So, it's not necessarily two days a month, twenty-four times a

21        year?

22        A.  No, I think that would be really a different situation entirely.

23  (AR 1688.)  The VE then confirmed that episodic absenteeism would not preclude all work.  (AR

24  1688-89.)  When asked if Claimant might ever miss four or five days in a month, the VE

25  responded, "But that's just making a guestimate.  It's a little more speculated, because her

26  condition is chronic and stable."  (AR 1690.)

27    Contrary to Plaintiff's assertion, there was no inconsistency in Dr. Mason's testimony or

28  between Dr. Mason and the VE.  Dr. Mason's opinion throughout her testimony was that

12

1   Claimant's absenteeism would be periodic, which would not preclude work.  The VE heard

2   Dr. Mason's testimony and rendered her own opinions in a manner that was consistent with that

3   testimony.  The ALJ's RFC that Plaintiff was subject to missing up to two days work plainly is

4   based on Dr. Mason's assessment that Plaintiff's absenteeism would be periodic.  So is the

5   VE's testimony.

6          The ALJ's RFC, and step four and step five findings that Plaintiff can perform her past

7   relevant work and other jobs in the national economy, are supported by substantial evidence.

8                                          * * *

9          The ALJ's RFC is not supported by substantial evidence in regard to Plaintiff's

10  depression.  Thus, the ALJ's non-disability determination is not supported by substantial

11  evidence nor free of legal error.

12                                      **ORDER**

13         IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is

14  REVERSED and REMANDED for further proceedings in accordance with this Memorandum

15  Opinion and Order and with law.

16         **LET JUDGMENT BE ENTERED ACCORDINGLY.**

17

18  DATED:  June 1, 2012                    _____*/s/ John E. McDermott*_____
                                               JOHN E. MCDERMOTT
19                                          UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28